UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23879-ELFENBEIN

**OLGA ROSA ACOSTA**,

    Plaintiff,

v.

**SOCIAL SECURITY ADMINISTRATION**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. On August 28, 2025, *Pro se* Plaintiff Olga Rosa Acosta filed a complaint against the Social Security Administration ("SSA") seeking judicial review of the SSA's denial of her application for disability benefits. *See* ECF No. [1]. A few days later, on September 3, 2025, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (the "IFP Motion"). *See* ECF No. [3]. That same day, the Court denied the IFP Motion without prejudice because Plaintiff did "not qualify for indigent status in this civil action based on the information currently provided." *See* ECF No. [4] at 4.

---

[1] Pursuant to Administrative Order 2025-11, because this case includes as a party "a non-prisoner *pro se*" litigant, the undersigned United States Magistrate Judge was assigned as the presiding judge for all purposes, including entering dispositive orders, presiding over any trial, and entering a final judgment. To ensure that all parties understood their rights to opt out of Magistrate Judge jurisdiction without any adverse consequences, the undersigned issued an Order Explaining Magistrate Judge Jurisdiction and Providing Instructions to *Pro Se* Litigant on October 14, 2025. *See* ECF No. [6]. While Plaintiff did not elect to opt out of Magistrate Judge jurisdiction within the timeframe provided, Defendant has not yet entered an appearance in this case. For that reason, Defendant cannot be deemed to have consented to Magistrate Judge jurisdiction by failing to opt out. *See* ECF No. [6] at 3. Accordingly, the undersigned will request that this case be transferred to a District Judge for further proceedings and will deal with Plaintiff's failure to comply with a court order in a Report and Recommendation instead of in an Order.

Even so, the Court gave Plaintiff "the opportunity to provide additional information regarding her income and expenses using the 'Application to Proceed in District Court Without Prepaying Fees or Costs (**Long** Form)'" (the "IFP Motion Long Form"). *See* ECF No. [4] at 4 (emphasis in original). The Court included the IFP Motion Long Form as an attachment to its order, *see* ECF No. [4-1], and directed Plaintiff to "fill out every single question under oath so that the Court can determine whether she is indigent," *see* ECF No. [4] at 5. Plaintiff had until September 12, 2025 to submit the IFP Motion Long Form so that the Court could "reassess her indigency," and she was "warned that failure to timely submit this information may result in dismissal of this action without prejudice." *See* ECF No. [4] at 5. That deadline came and went, but Plaintiff failed to submit the IFP Motion Long Form as the Court ordered her to do.

Although the Court had already warned Plaintiff once that failure to timely submit a complete IFP Motion Long Form may result in dismissal of this action without prejudice, the Court gave her a second chance to comply, recognizing that this is Plaintiff's only chance to seek judicial review of her social security determination. *See* ECF No. [5]. Accordingly, the Court again ordered Plaintiff to **"completely fill out and file"** the IFP Motion Long Form, giving her until October 10, 2025 to do so. *See* ECF No. [5]. The Court also warned Plaintiff "that failure to timely submit this information may result in dismissal of this action without prejudice." *See* ECF No. [5].

Any party filing a lawsuit in Federal Court must pay a total fee of $405.00. *See* 28 U.S.C. § 1914(a); Report of the Proceedings of the Judicial Conference of the United States (Mar. 14, 2023). However, a plaintiff can avoid paying the filing fee by including along with his complaint a motion to proceed *in forma pauperis* ("IFP"). *See, e.g.*, 28 U.S.C. § 1915; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). A plaintiff moving to proceed IFP must

submit "an affidavit that includes a statement of all assets" the plaintiff possesses, a statement "that the person is unable to pay" the filing fees, "the nature of the action," and the "affiant's belief that" he "is entitled to redress."  *See* 28 U.S.C. § 1915(a)(1).

When a plaintiff fails to comply with the Court's orders to pay the filing fee, or as in this case when the Court gives Plaintiff a second chance to assess her indigency by ordering her to fill out and file the IFP Motion Long Form and the Plaintiff fails to comply, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *see also Degen v. United States*, 517 U.S. 820, 827 (1996) ("A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case. Again, its powers include those furnished by federal rule and by inherent authority." (citations omitted)); *cf.* Fed. R. Civ. P. 41(b).  The goal of this sanction is "to prevent undue delays in the disposition of pending cases and to avoid congestion in the" court's calendar so that the court can "achieve the orderly and expeditious disposition of cases." *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quotation marks omitted); *see also Taylor v. Nelson*, 356 F. App'x 318 (11th Cir. 2009) (finding that the district court does not abuse its discretion by dismissing complaint for failure to comply with order to submit documentation or pay filing fee).

The Court has already given Plaintiff two opportunities to file the IFP Motion Long Form to determine whether she qualifies as a *pauper* and has warned her twice that failure to do so may result in dismissal.  *See* ECF No. [4]; ECF No. [5].  After more than 60 days, Plaintiff has still failed to comply with the Orders and her failure to comply has caused delay in the case.  For these reasons, I respectfully **RECOMMEND** that the Court exercise its inherent power to **DISMISS** the Complaint, **ECF No. [1]**, **WITHOUT PREJUDICE**.  *See Foudy*, 845 F.3d at 1126; *Degen*,

517 U.S. at 827; *Equity Lifestyle*, 556 F.3d at 1240.

The Parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the assigned United States District Judge.  Failure to timely file objections shall bar the Parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on December 16, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record

**Olga Rosa Acosta**
9898 NW 126 Terrace
Hialeah Gardens, FL 33018
*PRO SE*